UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER SIMPSON, | : | |
|       Petitioner | : | |
|       vs. | : | CIVIL NO. 1:CV-14-0711 |
| | : | |
| WARDEN, FCI ALLENWOOD, MEDIUM, | : | (Judge Caldwell) |
| | : | |
|       Respondent | : | |

*M E M O R A N D U M*

I.   *Introduction*

        The pro se petitioner, Peter Simpson, a prisoner confined at the Allenwood Medium Federal Correctional Institution, in White Deer, Pennsylvania, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

        Simpson challenges his eleven-count indictment in the United States District Court for the Northern District of West Virginia on eleven narcotics violations. (Doc. 1, Pet.) He claims the indictment is unconstitutionally vague as it charges him with various crimes involving cocaine, which is later referred to as crack. He notes that since "cocaine is not crack . . . the indictment does not track the language of the intended charge by the government." (*Id.*)

        Upon review of his filings, we conclude Simpson has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His § 2241 petition will therefore be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.).[1]

II.     *Background*

On March 9, 1995, Simpson was indicted in the Northern District of West Virginia for various narcotic violations. *See* Doc. 1, Pet., ECF pp. 4-14.[2] Simpson was charged with conspiracy to possess with the intent to deliver "cocaine, also known as 'crack'" in violation of 21 U.S.C. § 846 (Count One); aiding and abetting in the maintenance of "place for the purpose of distributing and using a controlled substance, namely cocaine, also known as 'crack,'" in violation of 21 U.S.C. § 856(b)(Count Two); interstate transportation in aid of a business enterprise "involving cocaine, also known as 'crack,'" in violation of 18 U.S.C. § 1952(a)(3)(Count Three); aiding and abetting interstate transportation in aid of a business enterprise involving "involving cocaine, also known as 'crack,'" in violation of 18 U.S.C. § 1952(a)(3) and 2 (Counts Six, Eight, Ten and Eleven); and the distribution "of cocaine, also known as 'crack,'" in violation of 21 U.S.C. § 841(a)(1)(Counts Four, Five, Seven and Nine). (*Id.*)

On March 6, 1996, following a jury trial, Simpson was found guilty on all eleven counts. On September 4, 1996, Simpson was sentenced to fifty years' imprisonment. The conviction was affirmed on appeal. *See United States v. Simpson*,120

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254 can be applied to section 2241 petitions. Rule 4 of the section 2254 rules permits summary dismissals.

[2] On this background, the court takes judicial notice of the docket sheet in *United States v. Simpson*, No. 1:95-CR-0005 (N.D. W.Va.), available through the federal court's online Public Access to Court Electronic Records (PACER) at http://www.pacer.gov/.

F.3d 263 (4th Cir. 1997)(table).

On November 30, 1998, Simpson filed his first motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The motion was denied on January 28, 1999. On July 27, 1999, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. Simpson filed his second motion pursuant to 28 U.S.C. § 2255 on September 11, 2000, asserting counsel was ineffective for failing to object and to move the court to require the Government to prove the type and quantity of drugs. He also raised a claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 425 (2000).[3] On March 31, 2003, the district court denied the motion as a successive petition that was filed without first obtaining the permission of the Fourth Circuit. On February 15, 2005, the Fourth Circuit denied Simpson authorization to file a successive § 2255 motion.

On July 21, 2008, Simpson filed a motion for retroactive application of the sentencing guidelines for crack cocaine offenses under 18 U.S.C. § 3582. On October 19, 2009, Simpson's original sentence was reduced from 600 months' incarceration to 365 months' incarceration. In February 2012, Simpson filed a second motion requesting a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) which was denied by the district court. The Fourth Circuit affirmed the district court's decision. *See United States v. Simpson*, 474 F. App'x 245 (4th Cir. 2012)(nonprecedential).

In the pending § 2241 petition, Simpson alleges that his indictment was

---

[3] In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362-63.

unconstitutionally vague as it referred to cocaine as crack in each count, but "cocaine is not crack" and therefore he "cannot be held legally responsible for crack cocaine, and thus factually and legally innocent of such offenses." (Doc. 1, ECF p. 2).

III.   *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court. *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").

A defendant may invoke section 2241, but only when he shows under section 2255's "safety valve" provision, 28 U.S.C. § 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.[4]  Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law.  *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997)).  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007)(nonprecedential).

Applying the foregoing principles here, the court finds that Simpson is clearly challenging the conviction and sentence he received in the Northern District of West Virginia.  As such, the challenge should be brought pursuant to § 2255 rather than § 2241. Simpson asserts that he has met the stringent standards of the "savings clause" because of his "inability to bring [his present] claim in a successive § 2255" petition.  (Doc. 1, ECF p. 2).  However, the issue presented in his § 2241 petition could have been raised in his earlier § 2255 motion.  To the extent he was unsuccessful in raising this claim via a successive § 2255 petition, without first seeking leave of the Fourth Circuit, does not

---

[4] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless the following requirements are met:

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

demonstrate that a § 2255 motion is "inadequate or ineffective" to test the legality of his claim. Likewise, the fact that the Fourth Circuit denied Simpson permission to file a second or successive § 2255 motion does not demonstrate § 2255 is inadequate or ineffective. *See Okereke,* 307 F.3d at 120-21. Merely because Simpson was unsuccessful, or failed to raise all claims available to him at the time he filed his first § 2255 motion, does not render the remedy ineffective or inadequate so that he can pursue his claims in a § 2241 petition. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to § 2255. Consequently, the court will dismiss Simpson's § 2241 petition for lack of jurisdiction.

        An appropriate order follows.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date: May 8, 2014